CFK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON NOZ <br>                         Plaintiff | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY |
| v. | NO.: 1810-2033 |
| YORK RISK SERVICES GROUP AND <br> GOVERNMENT EMPLOYEES <br> INSURANCE COMPANY <br>                     Defendants | CIVIL ACTION    18    5051 <br><br> NO. _____ |

### NOTICE OF REMOVAL

1 NV 21 2018

**TO:** **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**
       **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant, GEICO Advantage Insurance Company, incorrectly identified as Government Employees Insurance Company, by and through its undersigned attorneys, hereby files a Notice of Removal of this case from the Court of Common Pleas of Philadelphia County, Pennsylvania in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

1. This action was commenced by way of Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, on October 16, 2018 and docketed at October Term, 2018, No. 2033. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2. A copy of the Complaint was received via certified mail to Defendant on October 23, 2018.

3. The Complaint avers claims for Uninsured Motorist Benefits against Defendants arising out of a March 7, 2017 motor vehicle accident. See Exhibit "A."

4. Plaintiff, Don Noz, at the time this action was commenced, and presently, is a citizen and resident of Quakertown, Pennsylvania. See Exhibit "A."

5.      Defendant, GEICO Advantage Insurance Company, at the time this action was commenced, and presently, has a principal place of business in Fredericksburg, VA.  See Exhibit "A."

6.      Defendant, GEICO Advantage Insurance Company is a corporation domiciled in Montgomery County, State of Maryland.

7.      Co-Defendant, York Risk Services Group, at the time of this action was commenced has a principal place of business located in Parsippany, NJ.  See Exhibit "A."

8.      The value of the matter in controversy, as appearing from the allegations contained in Plaintiff's Complaint, is alleged by Plaintiff to exceed the amount of $50,000.00.

9.      The present lawsuit is removal from State Court to this District Court of the United States pursuant to 28 U.S.C. §1332(a)(1) and §1441(a).

10.     Copies of all pleadings which have been received and/or filed by Defendant are attached hereto.  See Exhibits "A" and "B."

11.     The above described action is one which may be removed to this Honorable Court by Defendant pursuant to the provisions of  28 U.S.C.§1441(a) in that this action has been brought in a state court and a district court of the United States as the original jurisdiction under  28 U.S.C. §1332(a)(1), there being complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusion of interest and costs as alleged by Plaintiff, exceeds $75,000.00.

12.     This notice is timely, as it is being filed within 30 days of the receipt by Defendant of a copy of Plaintiff's Complaint setting forth the claims for relief upon which the action is based.

13.     Defendant expressly reserves the right to raise all defenses and objections in this action after it is removed to this court.

14.     A true and correct copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania as provided by

28 U.S.C.§1446(d).

15.    Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. §1446(d).

16.    Counsel for Defendant centered their appearance on November 2, 2018 in the Court of Common Pleas, Philadelphia County, and perfected a jury trial demand. A copy of the Entry of Appearance and Jury Trial Demand is attached as Exhibit "B."

WHEREFORE, Notice is given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

LAW OFFICE OF SUE ANN ECKELL

BY:_____

Grace Lim Slocum, Esquire
Attorney for Defendant,
GEICO Advantage Insurance Company,
incorrectly identified as Government
Employees Insurance Company

Attorney ID No. 313448
1515 Market Street, Suite 1910
Philadelphia, PA 19102
(215) 557-7340

Date: November 21, 2018

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DON NOZ

          Plaintiff

v.

YORK RISK SERVICES GROUP AND
GOVERNMENT EMPLOYEES
INSURANCE COMPANY

          Defendants

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO.: 1810-2033 _____

CIVIL ACTION

NO. _____

TO:    PROTHONOTARY
        Court Of Common Pleas
        Philadelphia County
        Philadelphia, PA

        Marc Simon, Esquire
        Simon & Simon
        1818 Market Street, Suite 2000
        Philadelphia, PA  19102

York Risk Services Group
One Upper Pond Road
Building F – 4th Floor
Parsippany, NJ 07024

PLEASE TAKE NOTICE THAT on November 21, 2018, Defendant, GEICO Advantage Insurance Company, incorrectly identified as Government Employees Insurance Company, filed in the Office of the Clerk for the United States District Court for the Eastern District of Pennsylvania a NOTICE OF REMOVAL.

A copy of the Notice is also being filed with the Prothonotary of the Court of Common Pleas of Montgomery County, pursuant to Title 28 U.S.C. §1446(d).

LAW OFFICE OF SUE ANN ECKELL

BY: _____

        Grace Lim Slocum, Esquire
        Attorney for Defendant,
        GEICO Advantage Insurance Company,
        incorrectly identified as Government
        Employees Insurance Company

        Attorney ID No. 313448
        1515 Market Street, Suite 1910
        Philadelphia, PA 19102
        (215) 557-7340

Date: November 21, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DON NOZ | COURT OF COMMON PLEAS |
| Plaintiff | PHILADELPHIA COUNTY |
| | |
| v. | NO.: 1810-2033 |
| | |
| YORK RISK SERVICES GROUP AND | CIVIL ACTION |
| GOVERNMENT EMPLOYEES | |
| INSURANCE COMPANY | NO. _____ |
| Defendants | |

## CERTIFICATE OF SERVICE

I, Grace Lim Slocum, Esquire, do hereby certify that a true and correct copy of Defendant's Notice of Removal was served as noted below:

Marc Simon, Esquire
Simon & Simon
1818 Market Street, Suite 2000
Philadelphia, PA  19102
*via e-filing and USPS regular mail*

York Risk Services Group
One Upper Pond Road
Building F – 4th Floor
Parsippany, NJ 07024
*via USPS regular mail only*

**LAW OFFICE OF SUE ANN ECKELL**

BY:_____

Grace Lim Slocum, Esquire
Attorney for Defendant,
GEICO Advantage Insurance Company,
incorrectly identified as Government
Employees Insurance Company

Attorney ID No. 313448
1515 Market Street, Suite 1910
Philadelphia, PA 19102
(215) 557-7340

Date: November 21, 2018

## VERIFICATION

The undersigned, being duly sworn according to law, deposes and says that he/she is counsel for the party or parties indicated on the preceding page as being represented by said counsel, that he/she has examined the pleadings and the entire investigative file made on behalf of said party or parties, that he/she is taking this verification to assure compliance with the pertinent rules pertaining to timely filing of pleadings and other documents described by said rules; and that the facts set forth in the foregoing document are true and correct to the best of his/her knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 PA C.S. SECTION 4904 relating to unsworn falsification to authorities.

BY: _____

GRACE LIM SLOCUM, ESQUIRE

Date: November 21, 2018

# EXHIBIT "A"

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING *Attested by the*
IS REQUIRED                     *Office of Judicial Records*
                                *16/OCT 2018, 12:05 pm*
                                *A. SILIGRINI*

**SIMON & SIMON, P.C.**

BY: Marc I. Simon, Esquire          Mary G. McCarthy, Esquire
    Joshua A. Rosen, Esquire        Harry Gosnear, Esquire
    Matthew J. Zamites, Esquire     Daniel Ward, Esquire
    Brian F. George, Esquire        Frank Palecko, Esquire
    Andrew Baron, Esquire           Gabriel Magee, Esquire
    Grady Lowman, Esquire           James Gundlach, Esquire
    Jason Whalley, Esquire          Christopher Green, Esquire
    Joshua Baer, Esquire            Stacy Hughes, Esquire
    Michael K. Simon, Esquire       Thomas Lipscomb, Esquire
    Sam Reznik, Esquire             Lauren Mazitelli, Esquire
    Bryan Arner, Esquire            Kevin Boswell, Esquire
    Jennifer Hoffman, Esquire

Attorney ID No.'s:                  *Attorneys for Plaintiff*
*201798*

1818 Market Street, 20th Floor
Philadelphia, PA 19103
(215-467-4666)

| | |
|---|---|
| Don Noz | : IN THE COURT OF COMMON PLEAS |
| 5826 Clymer Road | : PHILADELPHIA COUNTY |
| Quakertown, PA 18951 | : |
| | : October Term 2018 |
| | : |
| | : No. |
| Plaintiff | : |
| vs. | : |
| | : |
| York Risk Services Group | : |
| One Upper Pond Road | : |
| Building F - 4th Floor | : |
| Parsippany, NJ 07054 | : |
| | : |
| And | : |
| | : |
| Government Employees Insurance Company | : |
| One Geico Boulevard | : |
| Fredericksburg, VA 22412 | : |
| | : |
| Defendants | : |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-1701**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-1701**

## COMPLAINT

1. Plaintiff, Don Noz, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, York Risk Services Group, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

3. Defendant, Government Employees Insurance Company, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

4. Upon information and belief, Defendant regularly and systematically transacts business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

5. On or about March, 7, 2017 at approximately 9:52 p.m., Plaintiff was the operator of a motor vehicle, which was traveling on NJ-70 and McClellan Avenue, Pennsauken Township, NJ.

6. At the same date and time, tortfeasor, Andrew Fernandez Jr, who was uninsured, was the operator of a motor vehicle which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

7. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision rear-ending Plaintiff's vehicle.

8. The aforesaid motor vehicle collision was the direct result of the tortfeasor negligently and/or carelessly operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

9. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of the tortfeasor and not the result of any action or failure to act by the Plaintiff.

10. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries including, arm, abdomen, neck, and head injuries, as set forth more fully below.

### COUNT I
**Don Noz v. York Risk Services Group**
**Uninsured Motorists Coverage**

11. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

12. The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

      a.    Rear-ending Plaintiff's vehicle;

      b.    Failing to yield the right-of-way;

      c.    Operating his vehicle into Plaintiff's lane of travel;

      d.    Failing to maintain proper distance between vehicles;

      e.    Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

      f.    Failing to have his vehicle under proper and adequate control;

      g.    Operating his vehicle at a dangerously high rate of speed for conditions;

      h.    Violation of the "assured clear distance ahead" rule;

      i.    Failure to keep a proper lookout;

      j.    Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

      k.    Being inattentive to his duties as an operator of a motor vehicle;

      l.    Disregarding traffic lanes, patterns, and other devices;

m.  Driving at a dangerously high rate of speed for conditions;

n.  Failing to remain continually alert while operating said vehicle;

o.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

q.  Failing to exercise ordinary care to avoid a rear-ending collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

t.  Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

13. As a direct and consequential result of the negligent and/or careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including, arm, abdomen, neck, and head injuries, all to Plaintiff's great loss and detriment.

14.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the

future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness and/or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

17. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

18. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance issued by Defendant, under Policy Number 4420045249, which included coverage for underinsured motorist coverage applicable to Plaintiff.

19. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Don Noz v. Government Employees Insurance Company
### Uninsured Motorists Coverage

1. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

2.   The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a.    Rear-ending Plaintiff's vehicle;

    b.    Failing to yield the right-of-way;

    c.    Operating his vehicle into Plaintiff's lane of travel;

    d.    Failing to maintain proper distance between vehicles;

    e.    Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff or others;

    f.    Failing to have his vehicle under proper and adequate control;

    g.    Operating his vehicle at a dangerously high rate of speed for conditions;

    h.    Violation of the "assured clear distance ahead" rule;

    i.    Failure to keep a proper lookout;

    j.    Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

    k.    Being inattentive to his duties as an operator of a motor vehicle;

    l.    Disregarding traffic lanes, patterns, and other devices;

    m.    Driving at a dangerously high rate of speed for conditions;

    n.    Failing to remain continually alert while operating said vehicle;

    o.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    p.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    q.    Failing to exercise ordinary care to avoid a rear-ending collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

t.  Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

3.  As a direct and consequential result of the negligent and/or careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including, arm, abdomen, neck, and head injuries, all to Plaintiff's great loss and detriment.

4.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

5.  As an additional result of the carelessness and/or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

6.  As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

7.   Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

8.   At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance issued by Defendant, under Policy Number 4420045249, which included coverage for underinsured motorist coverage applicable to Plaintiff.

9.   Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.
BY:_____ /s _____ ___ _____
Marc I. Simon, Esquire
Simon & Simon, P.C.
1818 Market Street
Suite 2000
Philadelphia, PA 19103
215-467-4666
*Attorney for Plaintiff*

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## VERIFICATION

I, _____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

# EXHIBIT "B"

**LAW OFFICE OF SUE ANN ECKELL**

BY:     GRACE LIM SLOCUM, ESQUIRE
Identification No. 313448
1515 Market Street, Suite 1910
Philadelphia, PA 19102
215-557-7340

ATTORNEY FOR DEFENDANT
GEICO ADVANTAGE INSURANCE

Filed and Attested by the
Office of Judicial Records
02 NOV 2018 01:12 pm
M. RUSSO

| | | |
|---|---|---|
| DON NOZ | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| vs. | : | |
| | : | OCTOBER TERM 2018 NO. 2033 |
| YORK RISK SERVICES GROUP AND | | |
| GEICO ADVANTAGE INSURANCE | | |
| COMPANY | : | |
| | : | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Defendant, GEICO Advantage Insurance,

(incorrectly designated as Government Employees Insurance Company), in the above-captioned

matter.

LAW OFFICE OF SUE ANN ECKELL

BY: _____
GRACE LIM SLOCUM, ESQUIRE

## DEMAND FOR JURY TRIAL

TO THE PROTHONOTARY:

Please note that the Defendant, GEICO Advantage Insurance, (incorrectly designated as

Government Employees Insurance Company), hereby demands and perfects a trial by jury of twelve

(12) members and one alternate in the above-captioned matter

LAW OFFICE OF SUE ANN ECKELL

BY: _____
GRACE LIM SLOCUM, ESQUIRE

Case ID: 181002033